**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA E. QUIHUIS; ROBERT QUIHUIS, a married couple, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, <br><br> Defendant - Appellee. | No. 11-18067 <br><br> D.C. No. 4:10-cv-00376-RCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted January 16, 2014
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

The full facts and procedural history of this case can be found in our previous order. *See Quihuis v. State Farm Mut. Auto. Ins. Co.*, 748 F.3d 911 (9th Cir. 2014). This appeal stems from an insurance-coverage dispute. In our previous order, we agreed with the district court that the undisputed facts establish that the Coxes were not the owners of the Jeep, and therefore were not covered under State Farm's policy, at the time of the accident. *Quihuis*, 748 F.3d at 914. But plaintiffs argued State Farm was precluded from litigating coverage under the circumstances of this case. These circumstances include:

> (1) [State Farm's] refusal to defend its insured against a third-party tort claim after [it] determined its policy did not cover the accident; (2) a stipulated default judgment against the insured under a *Damron* agreement; and (3) a question of ownership, which is both an element of liability for the underlying negligent entrustment tort claim against the insured and a requirement of coverage under the insurance policy.

*Quihuis v. State Farm Mut. Auto. Ins. Co.*, 334 P.3d 719, 723 (Ariz. 2014). Existing Arizona cases were unclear as to whether State Farm is precluded from litigating coverage under these circumstances, so we certified a question to the Arizona Supreme Court.

The Arizona Supreme Court accepted review of our question, and answered by holding that State Farm is not precluded from litigating its coverage dispute. *Quihuis*, 334 P.3d at 730. Because the Arizona Supreme Court held State Farm

2

may litigate coverage, and because we have determined no coverage existed at the time of the plaintiffs' injuries, we affirm the District Court's decision granting summary judgment in favor of State Farm.

**AFFIRMED.**